619-07PJG/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SEA WITCH MARITIME LTD.,

            Plaintiff,

   -against-

MCV EGYPT S.A. a/k/a
MANUFACTURING COMMERCIAL
VEHICLES,

           Defendant.
----------------------------------------------------------x

07 CV 11409

07 Civ.

**VERIFIED COMPLAINT**

    Plaintiff, SEA WITCH MARITIME LTD. (hereinafter "SEA WITCH") for its Verified Complaint against Defendant MCV EGYPT S.A. a/k/a MANUFACTURING COMMERCIAL VEHICLES (hereinafter "MCV"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

    2.    At all times material hereto, Plaintiff SEA WITCH was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Valetta, Malta.

3. At all times relevant hereto, Defendant MCV was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Kilometer 24 Cairo Ismailia Desert Road, Obour, Cairo, Egypt.

4. On or about June 27, 2005, Plaintiff SEA WITCH, in the capacity as owner of the M/V SEA WITCH, entered into a maritime contract of affreightment with Defendant MCV, as charterer, for the carriage of a cargo of 58 buses from Alexandria to Algiers for an agreed upon freight rate. A copy of the charter party recap is annexed as Exhibit A.

5. When the vessel arrived at Alexandria, MCV subsequently cancelled the shipment, which cancellation constituted a breach of the contract of affreightment.

6. As a consequence of the cancellation and breach, Plaintiff has sustained damages of $54,375.

7. Although MCV advised that SEA WITCH would be compensated for its losses, MCV failed to compensate SEA WITCH for these losses.

8. Despite due demand MCV has refused and/or otherwise failed to pay the amounts due and outstanding.

9. There is an action pending in Egypt relating to this claim, and SEA WITCH specifically reserves its right to proceed against MCV in that proceeding.

10. This action is brought to obtain security in favor of Plaintiff SEA WITCH in respect to its claims against MCV and in aid of proceedings in Egypt.

11. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney fees and costs in Egypt and interest, all of which are recoverable as part of Plaintiff's claim.

12. Plaintiff estimates, as nearly as can be computed, that the legal expenses and costs of prosecuting the claim in Egypt will be $16,000 and interest on its damages are estimated to be $11,418.75 (calculated at the rate of 7% for a period of three years from the time of the breach until the estimated time for completion of the proceedings in Egypt and payment under the judgment).

### Request for Rule B Relief

13. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in either of its names moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

14. The total amount to be attached pursuant to the calculations set forth above is $81,793.75.

WHEREFORE, Plaintiff SEA WITCH prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$81,793.75** be restrained and attached, including, but not limited to any cash,

funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in either of its names or as may be held, received or transferred for its benefit or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any judgment entered against the Defendant in the Egyptian proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       December 18, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff

By: _____
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)
80 Pine Street
New York, NY 10005
(212) 425-1900

## ATTORNEY VERIFICATION

State of New York )
                  ) ss.:
County of New York )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Peter J. Gutowski

Sworn to before me this
8th day of December 2007

_____
Notary Public
MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08